UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN MARCOS-CHAVELA,<br><br>                              Plaintiff,<br><br>         v.<br><br>JOE BIDEN, *et al.*,<br><br>                              Defendants. | Case No. C22-1666-RSM<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)(2)(B) |

## I.  INTRODUCTION

Plaintiff Susan Marcos-Chavela, appearing *pro se*, was granted leave to proceed *in forma pauperis* ("IFP") in this matter on November 28, 2022.  Dkt. #4.  The Complaint has been posted on the docket.  Dkt. #5.  Summons have not yet been issued.  The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and finds that it should be dismissed.

## II.  BACKGROUND

Plaintiff has filed this action against the President of the United States, the Vice President of the United States, the Democratic National Committee and then candidate and now Governor of Oregon.  Dkt. #5 at 2.  Plaintiff brings a Section 1983 claim for gender harassment, "political party ideology," "support of due process," and "Black Lives Matter."  *Id.* at 5.  She also brings a *Bivens* claim for "free speech," right to vote, right to religion, "right to live peaceful/[illegible]."

ORDER - 1

*Id.* While it is difficult to decipher the basis of these claims, it seems Plaintiff alleges Defendants are liable under Section 1983 and *Bivens* by acting under color of federal law when they promoted "trans culture," "LGBTQ+," and the Black Lives Matter Movement. *Id.* at 5–6. Rife with homophobic slurs, Plaintiff's Complaint fails to assert any cognizable claims, fails to connect Defendants to any specific actionable conduct, and is the seventh case Plaintiff has filed in this court within the last year. All but one of these cases have been terminated.

### III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Because Ms. Marcos-Chavela is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, her complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain ... a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

ORDER - 2

As a threshold matter, Plaintiff does not appear to allege an injury-in-fact sufficient to establish her standing to bring this lawsuit. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (requiring a plaintiff to demonstrate that his or her injury is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."). Rather, Plaintiff's asserted harms, if any, appear to be "'generalized grievance[s]' shared in substantially equal measure by all or a large class of citizens" and therefore insufficient to warrant the court's exercise of jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Even if Plaintiff had sufficiently alleged that she has standing to bring her claims, the court nevertheless concludes that her complaint fails to contain a cognizable legal theory or factual allegations sufficient to raise any right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Although Plaintiff appears to be aggrieved by Defendants' actions, the court cannot discern from the complaint the specific conduct on which Plaintiffs' claims are based. This too justifies dismissal of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's admonition, the court GRANTS Ms. Marcos-Chavela leave to file an amended complaint. If she does so, she must include short, plain statements setting forth (1) the specific basis of the court's jurisdiction; (2) the constitutional or statutory right she believes was violated; (3) the name of the defendant or defendants who violated that right; (4) exactly what that defendant did or failed to do; (5) how the defendant's action or actions are connected to the violation of her rights; and (6) the specific injury she suffered as a result of that defendant's conduct. Ms. Marcos-Chavela shall file her amended complaint, if any, no later than **February 27, 2023**. If she files an amended

ORDER - 3

complaint, Ms. Marcos-Chavela is instructed to **refrain from using any slurs or curse words**—this Court finds offensive language to be gratuitous and unpersuasive. If Ms. Marcos-Chavela fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint with prejudice and without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Marcos-Chavela's complaint (Dkt. #5) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **February 27, 2023.**

DATED this 9th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4